1
2
3
4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7   CYMEYON HILL,                              Case No.  20-cv-06557-YGR (PR)

                    Plaintiff,
8                                              **ORDER OF DISMISSAL WITH LEAVE
                                               TO AMEND**
         v.
9

10  E. PEREZ, et al.,

                    Defendants.
11

12  **I.    INTRODUCTION**

13          Plaintiff, a civil detainee currently in custody at Salinas Valley State Prison ("SVSP"),

14  filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  Plaintiff's motion for leave to

15  proceed *in forma pauperis* will be granted in a separate order.

16          Plaintiff has named as Defendants in this action the following SVSP prison officials:

17  Property Officer E. Perez; Correctional Officer T. Beltran; and Sergeants E. Black and O.

18  Aragon.[2]  Dkt. 1 at 2.[3]  Venue is proper because the events giving rise to the claims are alleged to

19  have occurred at SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

20  Plaintiff seeks monetary and punitive damages.  *Id.* at 4.

21

22

23          [1] Petitioner had initially filed the instant civil rights action in the Eastern District of
24  California.  *See* Dkt. 1.  Thereafter, the Eastern District ordered the case transferred to the
    Northern District.  Dkt. 4.  The case was then transferred from the Eastern District to this Court.
25  Dkt. 5.

26          [2] Plaintiff spelled Defendant Aragon's last name incorrectly as "Argon."  *See* Dkt. 1 at 1-
    2.  However, the Court directs the Clerk of the Court to correct the spelling of this Defendant's
27  last name from "O. Argon" to "O. Aragon."  *See id.* at 5.

28          [3] Page number citations refer to those assigned by the Court's electronic case management
    filing system and not those assigned by Plaintiff.

*(left margin)* United States District Court
Northern District of California

## II.   DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id*. § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979).  A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them.  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  Moreover, there is no respondeat superior liability under section 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Said differently, it is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in

their subordinates' constitutional wrong.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

### B.    Legal Claims

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleges that on August 4, 2020, he was "brutally assaulted" during a cell extraction.[4]  Dkt. 1 at 2.  Thereafter, on that same date, Defendants Perez, Beltran, and Black "destroyed Plaintiff's personal property, [including] legal books[,] CD player[,] canteen items[,] federal legal materials from [the] court[,] books of stamps[,] personal headphones[,] and personal library books from family."  *Id.* at 2 (brackets added).  He claims the destruction of his property was done "for retaliation," but he does not further elaborate.  *Id.* at 4.

First, to the extent that Plaintiff's claim alleges that prison officials wrongly destroyed his

---

[4] The Court notes that Plaintiff has not raised any claims in the instant action against the other SVSP correctional officers (who are not named here) involved in the "brutal[] assault[]" during the August 4, 2020 cell extraction.  *See* Dkt. 1 at 2.

United States District Court
Northern District of California

1    property is not actionable under § 1983.  Allegations that a plaintiff has been deprived of his

2    property negligently or intentionally without a pre-deprivation hearing do not state a due process

3    claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451

4    U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part*

5    *on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S.

6    517, 533 (1984) (intentional destruction of inmate's property), because California provides an

7    adequate state post-deprivation remedy*, see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990)

8    (where state cannot foresee and therefore provide meaningful hearing prior to deprivation,

9    statutory provision for post-deprivation hearing or common law tort remedy for erroneous

10   deprivation satisfies due process).  Plaintiff's allegations show random and unauthorized property

11   deprivations that are not actionable under section 1983.  If the federal court otherwise has no

12   jurisdiction over the case, the claims of random and unauthorized deprivations of property must be

13   pursued in state court.

14        Second, it seems that Plaintiff has named Defendant Aragon because this Defendant was

15   the sergeant in charge of conducting interviews relating to Plaintiff's grievance about the property

16   destruction. Dkt. 1 at 5.  "[B]ased on the interviews conducted by [Defendant] Aragon,"

17   Plaintiff's grievance was denied.  *Id.*  However, the Court finds that the complaint does not state a

18   claim upon which relief may be granted against Defendant Aragon for his involvement in the

19   alleged improper denial of the aforementioned grievance.  The failure to grant an inmate's appeal

20   in the prison administrative appeal system does not amount to a due process violation.  There is no

21   federal constitutional right to a prison administrative appeal or grievance system for California

22   inmates.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d

23   1422, 1430 (7th Cir. 1996).  The denial of an inmate appeal is not so severe a change in condition

24   as to implicate the Due Process Clause itself and the State of California has not created a protected

25   interest in an administrative appeal system in its prison.  Title 15 of the California Code of

26   Regulations §§ 1073 and 3084 grant prisoners in the county jails and state prisons a purely

27   procedural right: the right to have a prison appeal.  The regulations simply require the

28   establishment of a procedural structure for reviewing prisoner complaints and set forth no

4

substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.8, and, at most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* at § 3084.1(d).  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).  Thus, Plaintiff had no federal constitutional right to a properly functioning appeal system.  Therefore, the Court DISMISSES Plaintiff's claim against Defendant Aragon relating to this Defendant's involvement in an allegedly incorrect decision on an administrative appeal or failure to process the appeal in a particular way because it does not amount to a violation of his right to due process.  Plaintiff may, however, file an amended complaint if he can in good faith allege facts, subject to proof, that cure the pleading deficiencies noted above.

Finally, Plaintiff alleges that Defendants Perez, Beltran, and Black retaliated against him by destroying his property.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff's allegations fail to state a cognizable claim for retaliation as he has failed to allege facts that show the alleged retaliatory actions of which he complains were taken because of his protected conduct.  Specifically, Plaintiff states in conclusory fashion that Defendants destroyed his property "for retaliation," *see* Dkt. 1 at 4, but he does not elaborate by describing the nature of his protected conduct, or how each of the named prison officials knew about Plaintiff's conduct.  Without allegations of protected conduct and knowledge of such conduct by Defendants, no claim for retaliation is stated.  Accordingly, Plaintiff's retaliation claim is DISMISSED with leave to amend.  Plaintiff may file an amended complaint if he can in good faith allege facts, subject to proof, that cure the pleading deficiencies noted above.

**III.    CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to correct the deficiencies outlined above by filing a **simple, concise and direct** amended complaint which:

      a.      States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

            i.      Set forth **each claim** in a separate numbered paragraph;

            ii.     Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

            iii.    Identify the injury resulting **from each claim**;

      b.      Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

      c.      Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, the amended complaint may only allege claims that:

            i.      Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

            ii.     Present questions of law or fact common to **all Defendants**;

      d.      **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

      e.      **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

2.      Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above.  Plaintiff must use the attached civil rights form, write the

United States District Court
Northern District of California

1  case number for this action—Case No. C 20-6557 YGR (PR)—on the form, clearly label the

2  complaint "Amended Complaint," and complete all sections of the form.  Because the amended

3  complaint completely replaces the original complaint, Plaintiff must include in it all the claims he

4  wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S.

5  915 (1992).  He may not incorporate material from the original complaint by reference.  If Plaintiff

6  wishes to attach any additional pages to the civil rights form, he shall maintain the same format as

7  the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies"

8  section without including a narrative explanation of each grievance filed.  **Plaintiff's failure to**

9  **file his amended complaint by the twenty-eight-day deadline or to correct the**

10 **aforementioned deficiencies outlined above will result in the dismissal of this action without**

11 **prejudice.**

12      3.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

13 informed of any change of address and must comply with the Court's orders in a timely fashion.

14 Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

15 while an action is pending must file a notice of change of address promptly, specifying the new

16 address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

17 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

18 (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

19 *se* party indicating a current address.  *See* L.R. 3-11(b).

20      4.     The Clerk is directed to correct the spelling of Defendant Aragon's last name from

21 "O. Argon" to "O. Aragon."  *See* Dkt. 1 at 5.

22      5.     The Clerk shall send Plaintiff a blank civil rights complaint form along with his

23 copy of this Order.

24      IT IS SO ORDERED.

25 Dated:  April 13, 2021

26

27 JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

28