UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

v.

E. PEREZ, et al.,

    Defendants.

Case No. 20-cv-06557-YGR (PR)

**ORDER OF PARTIAL DISMISSAL; SERVING COGNIZABLE CLAIM; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM FOR GLOBAL SETTLEMENT PROCEEDINGS; STAYING ACTION; AND DIRECTIONS TO CLERK**

### I. INTRODUCTION

Plaintiff, a civil detainee currently being held in custody at California State Prison - Sacramento, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. Venue is proper because the events giving rise to the claims are alleged to have occurred in SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff has been granted leave to proceed *in forma pauperis*.

On March 13, 2021, the Court issued an Order of Dismissal With Leave to Amend. Dkt. 9. On April 27, 2021, Plaintiff filed his amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. Dkt. 10. Plaintiff again names the following prison officials at SVSP: Property Officer E. Perez; Correctional Officer T. Beltran; and Sergeant E. Black. Dkt. 10 at 3.[1] Plaintiff seeks monetary and punitive damages. *Id.* at 2.

In his original complaint, Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleged that on August 4, 2020, he was "brutally assaulted" during a cell extraction.[2] Dkt. 1 at 2. Thereafter, on that same date, Defendants Perez, Beltran, and Black "destroyed Plaintiff's personal property, [including] legal books[,] CD player[,] canteen items[,]

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[2] The Court notes that Plaintiff has not raised any claims in the instant action against the other SVSP correctional officers involved in the "brutal[] assault[]" during the August 4, 2020 cell extraction. *See* Dkt. 1 at 2; Dkt. 10 at 2-3.

federal legal materials from [the] court[,] books of stamps[,] personal headphones[,] and personal library books from family." *Id.* at 2 (brackets added). He claims the destruction of his property was done "for retaliation," but he did not further elaborate in his original complaint. *Id.* at 4.

As mentioned above, the Court reviewed Plaintiff's original complaint and dismissed it with leave to amend. Dkt. 9. The Court determined that to the extent that Plaintiff's claim alleged that prison officials wrongly destroyed his property, such a claim was not actionable under section 1983. *Id.* at 3-4. The Court dismissed Plaintiff's claim against another Defendant named in the original complaint, Sgt. O. Aragon, relating to Defendant Aragon's involvement in an allegedly incorrect decision on an administrative appeal or failure to process the appeal in a particular way because it does not amount to a violation of his right to due process. *Id.* at 4. The Court notes that Plaintiff has not named Defendant Aragon in his amended complaint, and thus all claims against Defendant Aragon are DISMISSED.

Finally, the Court determined that Plaintiff's allegations failed to state a cognizable claim for retaliation as he did not allege facts in his original complaint that showed the alleged retaliatory actions of which he complained were taken because of his protected conduct. Specifically, Plaintiff had stated in his original complaint a conclusory fashion that Defendants destroyed his property "for retaliation," *see* Dkt. 1 at 4, but he did not elaborate by describing the nature of his protected conduct, or how each of the named prison officials knew about Plaintiff's conduct. Without allegations of protected conduct and knowledge of such conduct by Defendants, the Court concluded that no claim for retaliation was stated. Dkt. 9 at 4. Therefore, the Court dismissed Plaintiff's retaliation claim leave to amend. *Id.* The Court instructed Plaintiff that he may file an amended complaint if he can in good faith allege facts, subject to proof, that cure the pleading deficiencies of his retaliation claim against Defendants Perez, Beltran, and Black.

Plaintiff then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

**II. DISCUSSION**

    **A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

2

1  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
2  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims
3  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
4  monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*
5  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
6  Cir. 1988).

7  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
8  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
9  the alleged violation was committed by a person acting under the color of state law.  *West v.*
10  *Atkins,* 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleges the following claims that took place on August 4, 2020.

First, Plaintiff claims that he filed a grievance against Defendant Beltran "regarding a canteen issue around 5-21-20."  Dkt. 10 at 3.  Plaintiff claims that "Defendant [Beltran] then called Plaintiff a rat meaning [a] snitch in front of [Defendant] Black.  *Id.* at 2-3.[3]

Plaintiff claims that on August 4, 2020, Defendant Beltran influenced Defendant Black to violate Plaintiff's constitutional rights "out of retaliation for filing [a] grievance against [Defendant] Beltran stating to Plaintiff [that] she would teach [Plaintiff] a lesson for filing complaints[,] grievances[,] etc."  *Id.* at 2.  Plaintiff claims that Defendant Beltran specifically influenced Defendant Black "to have Officers J. Garcia, R. Borrego, N. Reese, E. Avila, and D. Leach" violate his constitutional rights.  *Id.*  Specifically, Plaintiff's claims stem from an incident on August 4, 2020, "[a]fter [he] placed window coverings on his cell window in [his unit] complaining of a canteen issue in which [Defendant] Beltran gave Plaintiff canteen items [that] Plaintiff did not order."  *Id.*  Plaintiff states that Defendant Black "then had Plaintiff brutally

---

[3] The Court notes that the pages of Plaintiff's amended complaint were scanned out of order.  *See* Dkt. 10.  Page 3 was inadvertently scanned before page 2.  *See id.* at 2-3.  The Court will cite to the pages according to page numbers in its electronic case management filing system.

assaulted by the [aforementioned] officers, [who] stat[ed] Plaintiff was non-responsive." *Id.* "Shortly after[wards] [Defendant] Beltran and [Defendant] Perez[,] [the] property officers[,] retaliated by destroying Plaintiff's personal property." *Id.*

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016).

Plaintiff has stated a cognizable First Amendment retaliation claim against Defendants Beltran and Black. Plaintiff has not stated a cognizable constitutional claim against Defendant Perez. Although Plaintiff alleges that Defendant Perez accompanied Defendant Beltran when he "retaliated by destroying Plaintiff's personal property," the amended complaint's factual allegations regarding Defendant Perez's alleged retaliatory conduct seems speculative. Therefore, Plaintiff's First Amendment claim against Defendant Perez is DISMISSED. Because it appears possible that Plaintiff may be able to correct this deficiency, the Court will DISMISS this First Amendment claim against Defendant Perez with leave to amend. If Plaintiff chooses to amend his amended complaint and re-plead his claim against Defendant Perez, Plaintiff must proffer enough facts to state a plausible claim that Defendant Perez acted in a retaliatory fashion as a result of Plaintiff's constitutionally protected activity. It is not enough for Plaintiff to state that Defendant Perez was present during Defendant Beltran's alleged retaliatory actions, and instead Plaintiff must link Defendant Perez to his retaliation claims.

To the extent that Plaintiff's allegations relate to the unauthorized destruction of his property, such allegations fail to state a claim. Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under section 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468

4

1  U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides
2  an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990)
3  (where state cannot foresee and therefore provide meaningful hearing prior to deprivation,
4  statutory provision for post-deprivation hearing or common law tort remedy for erroneous
5  deprivation satisfies due process). Thus, the allegations in the amended complaint show a random
6  and unauthorized property destruction that is not actionable under section 1983.

Finally, as to the allegations relating to Defendant Beltran saying he would "teach [Plaintiff] a lesson" for filing grievances, even if Plaintiff were to have alleged a claim of verbal harassment and threats, such a claim is DISMISSED. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

### III.   PRO SE PRISONER MEDIATION PROGRAM

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The conferences shall be conducted with Plaintiff as well as Defendants and/or the representative for Defendants attending by videoconferencing.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Robert Illman for global settlement proceedings pursuant to the Pro Se Prisoner Mediation Program, involving the instant matter and other cases filed by Plaintiff. Such proceedings shall take place within 120 days of the date this order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time, and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.

**IV.     CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. All claims against Defendant Aragon are DISMISSED.

2. Plaintiff has stated a cognizable First Amendment retaliation claim against Defendants Beltran and Black.

3. To the extent that Plaintiff's allegations relate to a claims of unauthorized destruction of his property, such a claim is DISMISSED for failure to state a claim.

4. As to the allegations relating to a claim involving Defendant Beltran's verbal harassment and threats, such a claim is DISMISSED.

5. Plaintiff's action is referred to the Pro Se Prisoner Mediation Program for global settlement proceedings, involving the instant matter and other cases filed by Plaintiff. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

6. The Court DISMISSES with leave to amend the First Amendment retaliation claim against Defendant Perez. If Plaintiff chooses to file a second amended complaint ("SAC"), he must file the SAC within **twenty-eight (28) days** of the date of this Order. The SAC must include the caption and civil case number used in this order, Case No. C 21-cv-06557-YGR (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to proceed. Because the SAC completely replaces the previous complaints, Plaintiff must include in his SAC *all* the claims he wishes to present, including any amended claims against Defendant Perez and the First Amendment claim against Defendants Beltran and Black, which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. Failure to file a SAC in accordance with this order in the time provided will result in the following: (1) the dismissal of all claims against Defendant Perez; (2) the amended complaint (Dkt. 10) remaining the operative complaint; and (3) this action proceeding in accordance with this Order.

1    7.     The following Defendant(s) shall be served: **Correctional Officer T. Beltran and**
2    **Sergeant E. Black at SVSP.** Service on the listed Defendant(s) shall proceed under the
3    California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil
4    rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk of the
5    Court is directed to serve on CDCR via email the following documents: the operative complaint
6    (Dkt. 10), this Order of service, a CDCR Report of E-Service Waiver form, and a summons.  The
7    Clerk also shall serve a copy of this Order on the Plaintiff.

8    No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall
9    provide the Court a completed CDCR Report of E-Service Waiver advising the Court which
10   Defendant(s) listed in this Order will be waiving service of process without the need for service by
11   the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or
12   could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver
13   to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with
14   the Court a waiver of service of process for Defendant(s) who are waiving service.

15   Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
16   Defendant who has not waived service according to the CDCR Report of E-Service Waiver a
17   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
18   of this Order, the summons, and the operative complaint for service upon each Defendant who has
19   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
20   Service Waiver.

21   8.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
22   requires Defendants to cooperate in saving unnecessary costs of service of the summons and the
23   operative complaint.  If service is waived, this action will proceed as if Defendants had been
24   served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants
25   will not be required to serve and file an answer before **sixty (60) days** from the date on which the
26   CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney
27   General's Office. (This allows a longer time to respond than would be required if formal service
28   of summons is necessary.)  If Defendants have not waived service and have instead been served by

the USMS, then Defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and operative complaint.

9. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

12. The Clerk shall include a copy of a blank complaint form with a copy of this Order to Plaintiff.

13. In view of the referral to the Pro Se Prisoner Mediation Program, after the operative complaint has been served on the aforementioned named Defendant(s) against whom Plaintiff has alleged cognizable claim(s), all other further proceedings in this case are hereby STAYED. The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court. If the case is not settled, the Court will enter a scheduling order for further proceedings.

IT IS SO ORDERED.

Dated: October 1, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge